EMIL H. RASMUSSEN and PATRICIA M. RASMUSSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rasmussen v. Commissioner
Docket No. 1437-84.
United States Tax Court
T.C. Memo 1985-190; 1985 Tax Ct. Memo LEXIS 443; 49 T.C.M. (CCH) 1255; T.C.M. (RIA) 85190; April 17, 1985. *444 Emil H. and Patricia M. Rasmussen, pro se. James M. Klein, for respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: PATRICIA M. RASMUSSEN Additions to Tax
Year
Deficiency
§ 6651(a) [1]
§ 6653(a)(1)
§ 6654
§ 6661
1981
$6,293.00
$442.89
$314.65
$49.14
1982
$5,231.00
$333.25
$261.55
$34.90
$523.10
EMIL H. RASMUSSEN Additions to Tax
Year
Deficiency
§ 6651(a)
§ 6653(a)(1)
§ 6654
1981
$1,678.00
$403.00
$ 83.90
$122.26
1982
$3,323.00
$719.51
$166.15
$269.37
Respondent also determined additions, under section 6653(a)(2), for 1981 and 1982 with respect to each petitioner. After respondent's concession that petitioner Patricia M. Rasmussen is not liable for an addition to tax under section 6661, the issues *445 are (1) whether certain amounts received by petitioners constitute income, and (2) whether petitioners are liable for additions to tax under sections 6651(a), 6653(a)(1), 6653(a)(2), and 6654. [2]
FINDINGS OF FACT Some of the facts are stipulated and are so found. Due to petitioners' failure to respond to respondent's request for admissions, matters asserted therein are deemed admitted and are found accordingly. Rule 90(c). Petitioners Emil H. Rasmussen (Emil) and Patricia M. Rasmussen (Patricia) resided in Waupun, Wisconsin, when the petition herein was filed. Prior to the taxable year 1981, petitioners had properly filed Federal individual income tax returns for the years they were employed. Emil was employed by Green Giant Company during the years in issue and earned wages totalling $1,032.03 and $6,626.95 during 1981 and 1982, respectively. In *446 addition, Emil received annuity payments from the State of Wisconsin Retirement Fund of $10,284.36 and $10,951.08 during 1981 and 1982, respectively. During the years in issue, Patricia was employed by Giddings and Lewis, Inc. and earned wages totalling $23,918.34 and $22,622.99 during 1981 and 1982, respectively. Petitioners filed no individual Federal income tax returns for 1981 and 1982. In his notices of deficiency, respondent determined that Emil had received income during 1981 and 1982 of $11,316.39 and $17,578.03, respectively, and that Patricia had received income during 1981 and 1982 of $23,918.34 and $22,622.99, respectively, and computed each petitioner's tax liability, taking into account the amounts withheld by petitioners' employers. In addition, respondent determined additions to tax under sections 6651(a), 6653(a)(1), 6653(a)(2), and 6654 for 1981 and 1982 with respect to each petitioner, and under section 6661 for 1982 with respect to Patricia. As noted, the section 6661 addition has been conceded by respondent. OPINION The first issue is whether the wages and annuity payments received by petitioners constitute income. In defining gross income, section 61 *447 specifically includes compensation for services, annuities, and pensions. Sec. 61(a); sec. 1.61-2(a), Income Tax Regs. Petitioners' contention that wages do not constitute income because "wages are an equal exchange for labor and thus, no gain was accrued" has often been addressed and rejected by this and other courts. Rowlee v. Commissioner,80 T.C. 1111 (1983), and cases cited therein. Petitioners' argument, therefore, merits no further discussion. We conclude that the wages and annuity payments received by petitioners during 1981 and 1982 constitute taxable income. The next issue is whether petitioners are liable for additions to tax under sections 6651(a), 6653(a)(1), 6653(a)(2), and 6654. Section 6651(a) imposes an addition to tax for failure to file a timely tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioners, who bear the burden of proof on this issue (Rule 142(a)), introduced no evidence to show reasonable cause for their failure to file proper returns for the years here at issue. Accordingly, respondent's determinations with respect to this issue are sustained. Hatfield v. Commissioner,68 T.C. 895, 898 (1977); *448 Neubecker v. Commissioner,65 T.C. 577 (1975). Section 6653(a)(1) provides that, if any part of any underpayment is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to five percent of the underpayment. Section 6653(a)(2) provides that there shall be added to the tax an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations and for the period beginning on the last date prescribed by law for payment. Petitioners bear the burden of proving that their underpayment was not due to negligence or intentional disregard of rules and regulations. Rule 142(a); Bixby v. Commissioner,58 T.C. 757 (1972). Petitioners introduced no evidence on this issue and, thus, failed to satisfy their burden of proof. Moreover, in years prior to 1981, petitioners demonstrated knowledge of their duty to file a return and how to properly report their income. Beard v. Commissioner,82 T.C. 766, 780 (1984). Therefore, we sustain respondent's determination *449 with respect to the additions to tax under section 6653(a)(1). We also conclude, for purposes of the additions to tax under section 6653(a)(2), that all of petitioners' underpayment for each of the years at issue was attributable to negligence. Finally, section 6654 imposes an addition to tax for underpayment of estimated tax. Petitioners, who bear the burden of proving that respondent erred in determining that additions to tax should be imposed under this section (Rule 142(a)), introduced no evidence indicating that respondent so erred and, therefore, we sustain respondent's determinations. Habersham-Bey v. Commissioner,78 T.C. 304, 319-320 (1982). To reflect the concession and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners, in their petition, alleged entitlement to deductions for expenses incurred in the ordinary course of business. However, petitioners did not pursue this argument at trial, nor did they introduce any evidence as to the nature or amount of the claimed expenses. Accordingly, we consider this issue conceded.↩