ALLEN KENT DYE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dye v. Commissioner
Docket No. 3855-84.
United States Tax Court
T.C. Memo 1985-455; 1985 Tax Ct. Memo LEXIS 177; 50 T.C.M. (CCH) 934; T.C.M. (RIA) 85455; August 28, 1985. Allen Kent Dye, pro se. James S. Daubney, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice dated November 16, 1983, respondent determined deficiencies in petitioner's Federal income tax liabilities and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1979
$7,086.67
$614.92
$354.33
$54.36
1980
8,229.84
775.21
411.49
116.20
1981
11,942.00
2,751.75
597.10
825.62
The issues for decision are (1) whether wages constitute taxable income; (2) whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to file an income tax return without reasonable cause; (3) whether petitioner is liable for additions to tax under section 6653(a) for negligence or intentional *179 disregard of rules and regulations; (4) whether petitioner is liable for additions to tax under section 6654 for failure to pay estimated taxes; and (5) whether petitioner is liable for damages to the United States under section 6673. FINDINGS OF FACT Petitioner, Allen Kent Dye, resided in Newark, California, at the time he filed his petition herein. During the taxable years in issue, petitioner was employed as an iron worker by California Erectors-Bay Area Incorporated, from which he received wages in the following amounts: Year
Wages
1979
$25,383.20
1980
27,716.30
1981
35,156.58
Petitioner failed to file Federal income tax returns for the years 1979 and 1981. Petitioner filed a purported Federal income tax return for 1980, dated March 1, 1981, but that document contains no information relating to his income or deductions. Rather, petitioner merely wrote the words "object" or "none" in the relevant spaces thereon and attached a 15-page document that purports to set forth "grounds for asserting and claiming my right against self-incrimination on my tax return." On February 23, 1981, petitioner filed a W-4 Form (Employee's Withholding Allowance Certificate) *180 with his employer, upon which he claimed to be exempt from all withholding, on the basis of having owed no Federal income taxes for 1980 and anticipating none for 1981. Petitioner timely filed his petition herein on February 14, 1984. Respondent filed his answer on April 12, 1984. By a letter dated June 11, 1985, respondent advised petitioner that respondent would seek an award of damages herein on the grounds that petitioner's arguments were frivolous. Trial of this case was held on June 25, 1985, in San Francisco, California. OPINION Petitioner argues that he is not liable for the deficiencies determined by respondent on the grounds that: (1) Wages do not constitute taxable income; (2) the filing of a Federal income tax return and the payment of taxes are voluntary; and (3) petitioner's Fifth Amendment rights against self-incrimination would be violated if he were compelled to file a Federal income tax return, provide financial records to respondent, pay taxes or testify in this proceeding. The argument that wages do not constitute taxable income has been addressed on numerous occasions by this and other courts and has been consistently rejected under circumstances similar *181 to those herein. See, for example, Rowlee v. Commissioner,80 T.C. 1111 (1983), dismissed on appeal (2d Cir. 1984). That argument merits no further discussion herein. We will comment only briefly on petitioner's latter two contentions. Petitioner refers to various Internal Revenue Service publications, news releases, and internal memoranda in support of his argument that the filing of a tax return and the payment of taxes are voluntary acts. As the Court pointed out to him at trial, petitioner misconstrues the term "voluntary compliance." The fact that under our system of Federal income taxation in the United States the vast majority of taxpayers voluntarily and on their own initiative report and remit their Federal taxes does not relieve petitioner or any other taxpayer properly subject to Federal income taxation of the legal obligation to file tax returns and to pay their taxes. If a taxpayer fails to make a tax return required by law or regulation, the Secretary (or his agent) may make such a return on the basis of the information available to the Secretary. See section 6020(b). With regard to petitioner's Fifth Amendment allegations, petitioner was advised *182 by the Court that a criminal prosecution arising out of his tax obligations pending in this case was highly unlikely, and petitioner agreed that the probability of such a prosecution was remote. The privilege against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely. Rogers v. United States,340 U.S. 367, 374 (1951). The privilege only applies where there is a real and appreciable danger of self-incrimination and reasonable cause to apprehend such danger. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), affg. per curiam an unreported decision of this Court. [2] Petitioner has certainly not demonstrated any such real or appreciable danger, and in fact has admitted that no such danger exists. The Fifth Amendment privilege may not be used merely as a method of avoiding payment of taxes owed, which would appear to be petitioner's intended objective. [3]
Petitioner's general reliance on his Fifth Amendment rights does not relieve him of the burden *183 of proof in this proceeding. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner has not introduced any evidence whatsoever to controvert respondent's determinations. We sustain respondent as to the tax deficiencies determined herein. The next issue is the applicability of the additions to tax under section 6651(a) and section 6653(a) for failure to file a tax return for each of the years in issue and for negligence. Petitioner was clearly required to file a Federal income tax return for each year in issue. Sec. 6012(a). The "Fifth Amendment" return petitioner filed for 1980 does not constitute a valid Federal income tax return because it did not contain sufficient information relating to the taxpayer's income and deductions from which the proper tax liability could be calculated. Hatfield v. Commissioner,68 T.C. 895, 898 (1977). See also Beard v. Commissioner,82 T.C. 766 (1984). Petitioner bears the burden of proving both that his failure to file timely returns was due to reasonable cause and not willful neglect, and that he was not negligent or did not intentionally disregard the rules and regulations. *184 Foster v. Commissioner,80 T.C. 34, 237 (1983); Neubecker v. Commissioner,65 T.C. 577, 586 (1975); Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioner has offered no legitimate excuse for his repeated failures to file returns. We find for respondent on both of these issues with respect to all of the years involved herein. The next issue for consideration is the applicability of the addition to tax under section 6654 for underpayment of estimated taxes. Petitioner also bears the burden of proof on this issue. Hollman v. Commissioner,38 T.C. 251, 267 (1962). The addition to tax under section 6654(a) is mandatory unless petitioner can demonstrate that he comes within one of the computational exceptions of section 6654, Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980), which petitioner has failed to do. We therefore uphold respondent on this issue. The final issue is whether damages should be awarded to the United States under section 6673 for the institution or maintenance of this lawsuit. [4] None of the arguments made by petitioner has any basis in law. The same arguments have *185 been rejected repeatedly by this and many other courts. Petitioner appeared to be a reasonably intelligent individual, who took great pains to ensure that his petition, trial brief and legal citations were all in proper form. He was repeatedly warned by respondent that his arguments were likely to be viewed as frivolous by the Tax Court, yet he persisted in bringing this case to trial to make those same, worn out arguments. If petitioner read the relevant legal authorities that were pointed out to him by respondent, the lack of merit in his arguments should have been obvious to him. Petitioner's actions have resulted in a waste of judicial and administrative resources. Accordingly, we award damages to the United States in the amount of $1,500.To reflect the above, *186 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect for the years in issue and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Schuck v. Commissioner,T.C. Memo. 1984-159↩. 3. Zwanetsky v. Commissioner,T.C. Memo. 1984-226↩.
4. Section 6673 provides as follows: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩