GEORGE K. and LORRAINE B. NOTTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Notter v. Commissioner
Docket No. 181-84.
United States Tax Court
T.C. Memo 1985-558; 1985 Tax Ct. Memo LEXIS 72; 50 T.C.M. (CCH) 1400; T.C.M. (RIA) 85558; November 13, 1985. George K. Notter, pro se. Thomas M. Rohall, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: With respect to petitioners' 1980 Federal income tax, respondent determined *75 a deficiency of $12,440.87 and an addition to tax of $609.27 under section 6651(a)(1). [1] After concessions, the issues are: (1) whether petitioners are entitled to a residential energy credit under section 44C; (2) whether petitioners are entitled to a deduction for claimed patent licensing expenses; (3) whether petitioners are entitled to a deduction for claimed rental expenses in excess of the amount allowed by respondent; (4) whether petitioners are entitled to a deduction for claimed medical expenses in excess of the amount allowed by respondent; (5) whether petitioners are entitled to a deduction for claimed charitable contributions in excess of the amount allowed by respondent; (6) whether petitioners are entitled to a deduction for a casualty loss claimed to have been sustained by them during the year in issue; and (7) whether petitioners are liable for an addition to tax under section 6651(a) for failure to timely file their 1980 Federal income tax return. *76 Some of the facts have been stipulated and are so found. For clarity, we will first set forth our general findings of fact, followed by our findings of fact and opinion with respect to each of the issues presented. FINDINGS OF FACT - GENERAL Petitioners, George K. and Lorraine B. Notter, are husband and wife. They resided in Orinda, Calif., at the time they filed their petition herein. During the year in issue, petitioner George K. Notter was employed as a chemist by the State of California from which he received wages of $26,713.24. He also received a Federal civil service annuity of $16,980.00, attributable to his prior employment as a research chemist for the United States Department of Agriculture. Petitioner Lorraine B. Notter was also employed during the year in issue and received wages of $11,827.10. Issue 1. Residential Energy Credit
FINDINGS OF FACT AND OPINION On their 1980 Federal income tax return, petitioners claimed a residential energy credit of $1,302.85. Of this amount, $154.42 was attributable to an expenditure purportedly incurred by petitioners for insulation during 1980, while the remainder represented a claimed energy credit carryover from *77 prior taxable years. [2]
Section 44C (redesignated as section 23 for 1984 and following years by sections 471 and 475(a) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, 825, 847) allows a credit against tax with respect to certain qualified energy conservation expenditures made during the taxable year. Sec. 44C(a). Under section 44C(c)(1), expenditures made for certain insulation (as defined in section 44C(c)(3)) are eligible for the credit. Tax credits, like deductions, are a matter of legislative grace, and petitioners bear the burden of proving their entitlement to the claimed credit. Hokanson v. Commissioner,730 F.2d 1245, 1250 (9th Cir. 1984), affg. a Memorandum Opinion of *78 this Court; Uecker v. Commissioner,81 T.C. 983, 998 (1983), affd. 766 F.2d 909 (5th Cir. 1985); Bloomberg v. Commissioner,74 T.C. 1368 (1980); Rule 142(a). Based upon the record, we conclude they have failed to carry this burden. The record does not contain evidence to support a conclusion that petitioners actually incurred any expense for insulation during the year in issue. Petitioners produced no documentation and gave no testimony concerning this item. Moreover, petitioners have not presented evidence establishing that they were entitled to an unused energy credit carryover from taxable years prior to 1980. [3] Since petitioners have failed to carry their burden of proof, we hold for respondent on this issue. *79 Issue 2. Patent Licensing Expenses.
FINDINGS OF FACT AND OPINION On Schedule C of their 1980 Federal income tax return, petitioners claimed a net loss of $8,335.81 from a patent licensing business purportedly engaged in by them. Petitioners did not report any income from this activity for 1980. In his notice of deficiency, respondent disallowed this loss in full, based upon his determination that petitioners had not established that the claimed expenses were actually incurred or that the expenses were associated with the conduct of a trade or business or an activity engaged in for the production of income. For the following reasons, we sustain respondent's determination. Section 162(a) allows deductions for expenses incurred in carrying on any trade or business. Section 212 allows deductions for expenses incurred with respect to an income-producing activity or property held for the production of income. Petitioners bear the burden of proof with respect to the matters in dispute on this issue. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners received no income from patents during the year in issue. At trial, petitioner George K. *80 Notter made vague reference to patents developed by him, but offered no specific testimony concerning his efforts to exploit these patents. Similarly, no evidence was offered concerning the nature and amount of expenses incurred by petitioners in this regard. The record is thus wholly inadequate to support a conclusion that petitioners were engaged in a profit seeking venture with respect to their patents or that the claimed expenses were actually incurred by them. Accordingly, we hold for respondent on this issue. Issue 3. Rental Expenses.
FINDINGS OF FACT AND OPINION During the year in issue, petitioners owned rental property with respect to which they claimed deductions for various expenses, including depreciation. In his notice of deficiency, respondent disallowed the rental expenses, other than depreciation, claimed by petitioners. However, respondent has conceded that petitioners are entitled to deduct certain of these expenses. Thus, the issue is whether petitioners are entitled to a deduction for rental expenses in excess of the amount allowed by respondent. [4]
*81 Petitioners bear the burden of proof on this issue. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Since they offered no testimony or documentation concerning their claimed rental expenses, they have thus failed to satisfy such burden. We therefore hold that petitioners are not entitled to a deduction for rental expenses in an amount greater than allowed by respondent. Issue 4. Medical Expenses.
FINDINGS OF FACT AND OPINION Petitioners claimed a deduction for medical expenses in the amount of $3,654.41. In his notice of deficiency, respondent disallowed this deduction in full, but has conceded that petitioners are entitled to a medical expense deduction in the amount of $438.87. The issue therefore is whether petitioners are entitled to a medical expense deduction in excess of the amount allowed by respondent. Section 213 allows a deduction for certain expenses paid for medical care and for certain insurance which constitutes medical care. See sec. 213(a). Petitioners bear the burden of proving that they are entitled to this deduction. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners offered no testimony *82 or documentation concerning the nature or amount of their claimed medical expense deductions. Accordingly, we hold that they are not entitled to a deduction for medical expenses in excess of the amount allowed by respondent. [5]
Issue 5. Charitable Contributions.
FINDINGS OF FACT AND OPINION Petitioners claimed a deduction of $1,272 for charitable contributions. Respondent disallowed this amount in full, but has conceded that petitioners are entitled to a deduction of $252.00 for charitable contributions. The issue therefore is whether petitioners are entitled to deduct as charitable contributions an amount greater than that allowed by respondent. Section 170 generally allows as a deduction contributions made during the taxable year to or for the use of qualified donee organizations. See secs. 170(a), 170(c). Petitioners bear the burden of proving their entitlement *83 to this deduction. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners have failed to present any evidence concerning either the amount or the recipients of their claimed charitable contributions. Since they have failed to sustain their burden of proof, we hold they are not entitled to a deduction for charitable contributions in excess of the amount allowed by respondent. Issue 6. Casualty Loss
FINDINGS OF FACT AND OPINION Petitioner claimed a casualty loss deduction of $1,900, which respondent disallowed in full. Section 165 allows a deduction for, inter alia, casualty losses sustained during the taxable year. See secs. 165(a), 165(c)(3). Petitioners bear the burden of proving their entitlement to this deduction. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner George K. Notter indicated in his opening statement that this deduction had been claimed because a tree on petitioners' property had died. However, petitioners offered no testimony or other evidence concerning the nature of this event or the amount of the loss, if any, sustained by them. Accordingly, we conclude that petitioners have failed *84 to meet their burden of proof, and we therefore hold for respondent on this issue. Issue 7. Addition to Tax - Section 6651(a).
FINDINGS OF FACT AND OPINION Petitioners filed their 1980 joint Federal income tax return with the Internal Revenue Service Center in Fresno, Calif. Petitioners mailed this return to the Service Center on May 2, 1981, where it was received on May 5, 1981. In his notice of deficiency, respondent determined that petitioners were liable for an addition to tax of $609.27 under section 6651(a) for failure to timely file their 1980 return. Section 6651(a) imposes an addition to tax for the failure to file a timely return required by law. The addition to tax is imposed unless the taxpayer can show that such failure was due to reasonable cause and not due to willful neglect. See sec. 6651(a); see also Neubecker v. Commissioner,65 T.C. 577, 586 (1975); Fischer v. Commissioner,50 T.C. 164 (1968); Rule 142(a). It is clear that petitioners were required to file an income tax return for the year in issue. Sec. 6012(a). The last date prescribed by law for filing petitioners' 1980 return was April 15, 1981. Sec. 6072(a). *85 Since petitioners' 1980 return was not filed with the Fresno Service Center until May 5, 1981, and petitioners have not shown that they had been granted an extension of time to file, under section 6081(a), we conclude that this return was not timely filed. Petitioners have offered no evidence that their failure to timely file was due to reasonable cause and not due to willful neglect. Accordingly, we sustain respondent's imposition of the addition to tax under section 6651(a). [6]
In closing, we consider it appropriate to note that petitioners have maintained two prior proceedings before this Court involving deductions and credits similar to those claimed herein.Each of these proceedings resulted in a decision adverse to petitioners. See T.C. Memo. 1982-96 and T.C. Memo. 1985-391. In T.C. Memo. 1982-96, which related to petitioners' Federal income tax liability for 1975, 1976 and 1977, the issues in dispute related to claimed deductions *86 for a casualty loss and for medical expenses, charitable contributions, rental losses and patent licensing losses. As in the instant case, petitioners there presented the Court with no documentation, and at best only vague testimony. In that case, we upheld respondent's imposition of the addition to tax under section 6653(a), noting that "some of the deductions claimed on petitioners' return obviously are so lacking in merit that, at the minimum, they constitute intentional disregard of the rules and regulations." T.C. Memo. 1985-391, which related to petitioners' Federal income tax liability for 1978 and 1979, involved deductions claimed by petitioners for a casualty loss and patent licensing expenses, and a claimed residential energy credit. Therein, we sustained respondent's determination since petitioners again failed to provide necessary substantiation concerning their claimed deductions and credit. In the instant case, as in their previous appearances before this Court, petitioners have utterly failed to present us with evidence to support their position. We are mindful that petitioners are appearing pro se; nevertheless, in light of three proceedings maintained *87 by petitioners in this manner, we find our patience being sorely tested. Petitioner George K. Notter, a chemist, is an intelligent man, with considerable formal education. Petitioners were well aware of their burden of proof on all issues in dispute in this case, yet they made little, if any, sincere effort to satisfy this burden. Indeed, the record herein, together with petitioners' past history before this Court, may well lead to the inference that petitioners knew they could not support their position, but simply maintained this proceeding to delay payment of their tax liability. We admonish petitioners that if they should have occasion to bring a further action in this Court and maintain it in the same manner as they have this proceeding, we will seriously consider, even upon our own motion, an award of damages pursuant to section 6673, which could be as high as $5,000. To reflect concessions by respondent and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. On their return, petitioners reported an available residential energy credit carryover of $1,248.43. Petitioners thus appear to have made a mathematical error in calculating the aggregate amount of the claimed energy credit, since the total of $154.42 and $1,248.43 is $1,402.85, not $1,302.85 as claimed by them. Since we hold that petitioners have failed to establish that they are entitled to the credit, this error is not relevant to our decision herein.↩
3. At trial, petitioner George K. Notter made vague references to a "contained * * * water tank" and a cover therefor. He did not elaborate concerning the nature of this tank or explain how it qualified for the residential energy credit. These bare assertions are insufficient to establish petitioners' entitlement to the credit. Similarly, on brief, petitioners maintain that "[t]he storage tank has been used as an energy source/sink for several years. There is copper piping running between the tank and the house allowing the transfer of heat between the two structures." Although these assertions are, in any event, insufficient to establish petitioners' entitlement to the credit, we note that statements in briefs do not constitute evidence.See Rule 143(b).↩
4. The following table sets forth the nature and amount of rental expenses claimed by petitioners, and the amount conceded by respondent to be allowable prior to trial of this case. Amount Claimed
Amount Allowed by
Item
by Petitioners
Respondent Prior to Trial
Taxes
$ 544.74
0 Insurance and
Advertising
985.92
$ 535.92
Paint
821.52
191.52
Maintenance
1,078.21
146.21
Landscape
302.80
202.80
Auto-Telephone
2,294.59
208.00
Legal &
Inspection
1,023.00
0  Total
$7,050.78
$1,284.45
In addition to the foregoing amounts for rental expenses, respondent has further agreed to allow petitioners a deduction for the following amounts: Item
Additional Amount Allowed
Advertising
$94.39
Auto
492.00
Telephone
163.72
We note that, although it is inferable that petitioners may have been liable for real estate taxes with respect to their rental property, they presented no evidence at trial that any taxes had in fact been paid by them. Accordingly, we must sustain respondent's disallowance in full of this item.↩
5. In his opening statement, petitioner George K. Notter made vague reference to payments which he had purportedly made to Blue Cross/Blue Shield. However, he gave no testimony concerning the amounts of such payments, and his assertions are insufficient to carry petitioners' burden of proof on this issue.↩
6. Sec. 7502, under which the timely mailing of a return may be considered as timely filing thereof, is inapplicable herein since petitioners' return was mailed on May 2, 1981 and thus was not timely mailed. Sec. 7502(a)(2).↩