GEORGE C. LEINING AND ROSE A. LEINING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; GEORGE C. LEINING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leining v. Commissioner
Docket Nos. 676-84, 12465-84.
United States Tax Court
T.C. Memo 1986-83; 1986 Tax Ct. Memo LEXIS 527; 51 T.C.M. (CCH) 520; T.C.M. (RIA) 86083; March 3, 1986. George C. Leining, pro se. Charles A. Ray, Jr., for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: In these consolidated cases, [1] respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: George C. Leining and Rose A. Leining
Addition to Tax
Year
Deficiency
Sec. 6653(a) [2]
1979
$815.00
1980
8,002.47
$400.14
George C. Leining
Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654(a)
1981
16,112.13
$3,111.47
$805.61
50% of the
$883.46
interest due
on $12,445.89
Respondent has also requested that *530 this Court impose damages under section 6673 against petitioner George C. Leining for 1981. The issues are (1) whether petitioners are entitled to various deductions for the years in issue; (2) whether petitioners are liable for an addition to tax under section 6653(a) for 1980; (3) whether wages constitute income; and (4) whether petitioner George C. Leining is liable for additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(2), and 6654(a) and for damages under section 6673 for 1981. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners George C. Leining (hereinafter sometimes called petitioner) [3] and Rose A. Leining resided in Meriden, Connecticut, when they filed their petitions in these cases. *531 We will consider separately each of the three years involved herein. 1979
Petitioners timely filed their Federal income tax return for 1979 and reported their income and deductions using the cash method. During 1979, petitioners resided in Meriden, Connecticut, and Mr. Leining worked in North Haven, Connecticut, and in West Hartford, Connecticut. On their income tax return for 1979, petitioners claimed a deduction of $3,492 for employee business travel expenses arising out of petitioner's use of his car. The parties have agreed that petitioners are entitled to a deduction of $331. 1980
Petitioners timely filed their Federal income tax return for 1980 and reported their income and deductions using the cash method. On their income tax return for 1980, petitioners claimed a deduction of $17,591.35 for employee business travel expenses incurred by petitioner with respect to a temporary job assignment in Kansas. Of that amount, $1,619.35 is claimed with respect to petitioner's use of his car and $15,972 is claimed with respect to meals and lodging. The parties have agreed that petitioners are entitled to deductions of $1,500 and $12,705 for these expenses, respectively. *532 The parties further agree, however, that the $12,705 shall be reduced by $3,390 to reflect the amount petitioner received from his employer in 1980, and for which petitioner was not required to account. Petitioners did not take such reimbursement into account in computing their claimed deduction for travel expenses, nor did they include such amount in their gross income. Petitioners did not maintain records with respect to the amount, time, place, and business purpose of the travel expenses for which they claimed a deduction. On December 21, 1980, petitioners reported to the police that various items were missing from their home, and were believed to have been stolen. The police report set forth the following items and valuations: Article
Value
Sterling silver service for 8
$5,000
3 auto tape decks
120
1 diamond ring
300
1 wedding band
100
Miscellaneous tools
[no stated value]
Brass and copper pipe fittings
[no stated value]
Various amounts of alcoholic beverages
unknown value
Various silver dollars and Kennedy
half-dollars
[no stated value]
Alcoholic beverages [4]
800
The silver service was noticed missing on November 3, 1980. The *533 other items were noticed missing during the week immediately prior to the police report. On their 1980 return, petitioners claimed a theft loss of $10,932.88 calculated as follows: Sterling silver service
$10,231.85
5 cases assorted alcoholic beverages
600.00
Miscellaneous tools
201.03
Subtotal
$11,032.88
Less exclusion
100.00
Deduction claimed
$10,932.88
The sterling silver was purchased by petitioner and his former wife in 1952, just prior to their marriage. The alcoholic beverages were purchased by petitioner during the two years prior to the theft, one bottle at a time, in anticipation of his daughter's wedding. The tools were purchased by petitioner during the five to eight years prior to the theft. Petitioners based their deduction on what they considered to be the fair market value of each item at the time the theft was discovered. For the silver, petitioners used the retail price in 1980 of a new sterling silver service comparable *534 to the one stolen. With respect to the alcoholic beverages, petitioners calculated that there were 12 bottles in each of the 5 cases (60 bottles) and estimated the value of each bottle as $10. 1981
During 1981 petitioner was employed as a contract engineer and earned wages totaling $38,786.27. During that year petitioner also received other income in the amount of $1,808.40 from one of his employers and unemployment compensation of $2,400.00 from the State of Connecticut Department of Labor. Petitioner paid Florida property taxes of $31.06 in 1981. For 1981 petitioner mailed to respondent a Form 1040. That form showed petitioner's name, address, filing status, and total number of exemptions claimed. Petitioner inserted only the words "object -- self-incrimination" on the lines provided on that form for information concerning income, deductions, credits, payments, and tax due. Petitioner completed two years of college, has 32 years of experience in his field, and has worked as a contract engineer for more than 15 years. He filed proper Federal income tax returns, as required, for each year prior to 1981. OPINION The issues presented herein are primarily concerned *535 with petitioners' substantiation of various deductions claimed on their tax returns. Deductions are a matter of legislative grace; the taxpayer must satisfy the specific statutory requirements of the deductions claimed to reduce his tax liability. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Respondent's determinations are presumptively correct and the taxpayer bears the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). 1979
Petitioners' sole contention with respect to 1979 is that they are entitled to a deduction of $182 for business related travel expenses, in addition to the $331 allowed by respondent. The claimed amount is based upon petitioner's assertion that he paid a $ .35 toll each time he traveled between his home in Meriden, Connecticut, and his places of employment in North Haven, Connecticut, and West Hartford, Connecticut, and that this amount was not included in the amount allowed by respondent. Amounts incurred in traveling to and from one's residence and regular place of employment are commuting expenses which are personal in nature and therefore not deductible as business *536 expenses. Sec. 1.262-1(b)(5), Income Tax Regs.; Heuer v. Commissioner,32 T.C. 947, 951 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960), and cases cited therein. Thus, we sustain respondent's disallowance of the deduction of the additional amount. 1980
Petitioners claimed a deduction of $10,932.88 on their 1980 return, based on the asserted theft of various articles from their home. Under section 165, an individual may deduct losses caused by the theft of property to the extent that the loss exceeds $100 and is not reimbursed by insurance or otherwise. Respondent first contends that petitioners have not proven that a theft in fact occurred. On this point, the evidence includes a police report setting forth the various items claimed to be missing. In addition, petitioner testified concerning details of the discovery of the theft, the items missing, and further explained that he did not claim a deduction for several of the items included in the police report because he was not the owner of those items. We have weighed the evidence on this issue and we find it credible. Accordingly, we find as a fact that petitioners did incur a loss *537 in 1980 due to the theft of certain items from their home. In order to establish entitlement to the claimed deduction, however, petitioners must prove not only the fact of loss, but the value of that loss. Elliott v. Commissioner,40 T.C. 304, 311 (1963). The amount of the allowable loss is the lesser of (1) the property's fair market value immediately before the theft, or (2) the adjusted basis of the property. Secs. 1.165-7(b)(1) and 1.165-8(c), Income Tax Regs.; Ternovsky v. Commissioner,66 T.C. 695, 697-698 (1976). Generally, the basis of such property is its cost. Sec. 1012. First, petitioners claimed a deduction of $10,231.85 for the loss of eight place settings of sterling silver. This amount reflects the replacement cost of a new silver service and is, therefore, not the appropriate standard. [5] With respect to the valuation of this loss, petitioner testified that he did not know the cost of the silver service when it was purchased and he presented no evidence to establish the fair market value of the silver immediately before the theft. Noting generally the substantial inflation which has occurred in the 30 years since the silver was *538 purchased and the dramatic increase in the cost of precious metals since that time, we conclude that the original cost of the silver service (petitioner's basis) would be lower than its fair market value in the year of the theft. Thus, the amount of the allowable deduction is petitioners' basis in the silver in question. In the absence of specific evidence, we will apply our best judgment to approximate this amount. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Bearing heavily against the taxpayer "whose inexactitude is of his own making" ( Cohan v. Commissioner,supra at 544) we find that petitioners are entitled to a deduction of $400 for the loss by theft of the silver service.
Petitioners also claimed a deduction of $600 for five cases of alcoholic beverages. The deduction was based upon an estimated value of $10 per bottle. The record is not clear as to whether this is petitioners' basis in the liquor or its fair market value. In any event, petitioners produced no receipts and presented no evidence as to the amount, cost, type, or quality of the liquor, except *539 for petitioner's self-serving statement that there were 60 bottles comprised of "various amounts of famous brands." Applying our best judgment, we find that petitioners are entitled to a deduction of $300 for the alcoholic beverages. See Cohan v. Commissioner,supra.
The final component of petitioners' theft loss deduction is the amount of $201.03 for miscellaneous tools. The tools were not described or listed in any way in the police report, but petitioner testified at trial that they included a "Skil" saw, a set of chisels, hammers, saws, and other items that he was unable to remember. He testified that he valued the tools for purposes of computing the theft loss deduction by "[doing] a fast price list" but presented no evidence showing an itemized breakdown of the claimed amount. No evidence was presented to show either the fair market value of the tools immediately prior to their loss or petitioners' basis. Again, under the Cohan doctrine, applying our best judgment to the record before us, we conclude that petitioners are entitled to a theft loss deduction of $100 for the tools. The next issue is whether petitioners are liable for an addition *540 to tax under section 6653(a). As applicable herein, that section provides for the imposition of an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules or regulations. Petitioners bear the burden of proving respondent's determination erroneous. Rule 142(a); Bixby v. Commissioner,58 T.C. 757 (1972). Beyond petitioner's bare assertion that he was not negligent, petitioners introduced no evidence on this issue. Moreover, the record shows that petitioners did not keep any records to substantiate their deduction of $17,591.35 for travel expenses. We find that such failure to maintain records coupled with the failure to account for a reimbursement of $3,390 resulted in an underpayment of tax due to negligence or intentional disregard of rules and regulations. Accordingly, we sustain respondent's determination on this issue. 1981
Respondent determined that petitioner had taxable income of $41,994.60 in 1981.[6] In his petition, petitioner sets forth numerous statements to the effect that he is a "natural individual" and not required to file a tax return or pay tax, and that wages are not income. [7] These arguments *541 have often been considered and rejected by this and other courts and, accordingly, we deem them meritless. Rowlee v. Commissioner,80 T.C. 1111 (1983), and cases cited therein; Harbersham-Bey v. Commissioner,78 T.C. 304 (1982). Section 61 defines gross income as "all income from whatever source derived" and specifically includes compensation for services. Sec. 61(a); sec. 1.61-2(a), Income Tax Regs. Unemployment compensation generally is includible in income. Sec. 85. Accordingly, we sustain respondent's determination with respect to petitioner's receipt of taxable income in 1981. At trial, petitioner claimed entitlement to deductions in various amounts for business related travel expenses, including meals and lodging. Section 162 allows a deduction *542 for traveling expenses incurred while away from home in pursuit of a trade or business. Congress, however, requires taxpayers claiming such deductions to comply with the stringent substantiation requirements of section 274(d). [8]
Section 274(d) provides, in part, that no deduction shall be allowed under section 162 or section 212 "for any traveling expense (including meals and lodging while away from home)," unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (1) the amount of such expense, (2) the time and place of the travel, and (3) the business purpose of the expense. Substantiation by "adequate records" requires maintenance of an account book, diary, or similar record, and documentary evidence such as recelipts or paid bills, but duplication is not necessary so long as the account book and receipt "complement each other in an orderly manner." Sec. 1.274-5(c)(2)(i), Income Tax Regs. However, documentary evidence is required for expenditures for lodging while traveling away from home and for any other expenditure of $25 or more (except for *543 transportation, if not readily available). Sec. 1.274-5(c)(2)(iii), Income Tax Regs. The alternative method of substantiation, that of "sufficient evidence corroborating his own statement," allows the taxpayer to establish each element of an expenditure "(i) By his own statement, whether written or oral, containing specific information in detail as to such element; and (ii) By other corroborative evidence sufficient to establish such element." Section 1.274-5(c)(3), Income Tax Regs.
Petitioner offered no documentary evidence from which we could find that the claimed deductions were substantiated by adequate records. Nor has he provided the Court with specific information in detail to establish the requisite elements of the claimed expenditures. Absent strict compliance with the substantiation requirements under section 274(d), we are precluded from allowing any deduction based on approximation or the unsupported testimony of the taxpayer. Deely v. Commissioner,73 T.C. 1081, 1101 (1980); sec. 1.274-5(a), Income Tax Regs. Accordingly, no deduction is allowed. At trial petitioner contended that he was entitled to deductions of the following amounts claimed to *544 have been paid during 1981: $1,000 for state sales tax, $260 for charitable contributions, $973.52 for city taxes of Meriden, Connecticut, $31.06 for Florida property tax, and $8,899.35 for interest paid on his home mortgage. Except for the payment of Florida property tax, petitioner testified from memory with respect to each of the above amounts and produced no receipts, canceled checks, or other evidence of either the fact or the amount of any of the above alleged payments. We are not convinced that petitioner incurred the claimed expenses, nor do we accept his testimony as to the amounts involved as reliable. Thus, petitioner has failed to meet his burden of proof. Accordingly, except for the payment of $31.06, no deductions are allowed. A deduction of $31.06 is allowed for petitioner's payment of Florida property taxes. Sec. 164. The next issue is whether petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a)(1), 6653(a)(2), and 6654(a). Section 6651(a)(1) imposes an addition to tax for failure to file a timely tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. This Court has held that a document *545 need not be perfectly accurate or complete in order to constitute a return, as long as it purports to be a return, is sworn to as such, and evinces an honest and genuine endeavor to satisfy the requirements for a return. Jarvis v. Commissioner,78 T.C. 646 (1982), and cases cited therein; Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). Further, it must contain sufficient information from which respondent can compute and assess the tax liability of a particular taxpayer. A Form 1040 which fails to contain this data does not constitute a "return." Thompson v. Commissioner,78 T.C. 558, 561-562 (1982); Reiff v. Commissioner,supra.
The Form 1040 filed by petitioner for 1981 discloses only petitioner's name, address, filing status, and number of exemptions claimed. Petitioner provided no information with respect to his income or deductions but, instead, apparently asserted a constitutional objection based on the Fifth Amendment by inserting the words "object -- self-incrimination" on each of the lines of the Form 1040. For the foregoing reasons, we find that the Form 1040 filed by petitioner does not contain *546 sufficient information from which petitioner's income tax liability for 1975 could be computed, nor does it represent an honest and reasonable attempt to satisfy the requirements of the tax law. Therefore, we conclude that it does not constitute a return. The requirement that taxpayers file tax returns in accordance with the provisions of the Internal Revenue Code and respondent's regulations does not violate the taxpayer's privilege against self-incrimination under the Fifth Amendment. Reiff v. Commissioner,supra;White v. Commissioner,72 T.C. 1126, 1130 (1979), and cases cited therein. Thus, petitioner's general Fifth Amendment claim does not excuse petitioner from his obligation of providing the information required in an income tax return. Petitioner, who bears the burden of proof on this issue (Rule 142(a)), introduced no evidence to show reasonable cause for his failure to file a proper return for 1981. Accordingly, respondent's determination with respect to the addition to tax under section 6651(a)(1) is sustained. Hatfield v. Commissioner,68 T.C. 895, 898 (1977); Neubecker v. Commissioner,65 T.C. 577 (1975). *547 Section 6653(a)(1) provides that, if any part of any underpayment is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to five percent of the underpayment. Section 6653(a)(2) provides that there shall be added to the tax an amount equal to 50 percent of the interest payble under section 6601 with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations and for the period beginning on the last date prescribed by law for payment. Petitioner bears the burden of proving that his underpayment was not due to negligence or intentional disregard of rules and regulations. Rule 142(a); Bixby v. Commissioner,58 T.C. 757 (1972). Petitioner introduced no evidence on this issue and, thus, failed to satisfy his burden of proof. Furthermore, in years prior to 1981, petitioner demonstrated knowledge of his duty to file a return and how to properly report his income. Beard v. Commissioner,82 T.C. 766, 780 (1984). Therefore, we sustain respondent's determination with respect to the addition to tax under section 6653(a)(1). *548 We also sustain respondent's determination of the addition to tax under section 6653(a)(2) to be based on an underpayment of $12,445.89. Finally, section 6654 imposes an addition to tax for underpayment of estimated tax. Petitioner, who bears the burden of proving that respondent erred in determining that additions to tax should be imposed under this section (Rule 142(a)), introduced no evidence indicating that respondent so erred and, therefore, we sustain respondent's determination. Habersham-Bey v. Commissioner,78 T.C. 304, 319-320 (1982). The final issue is whether petitioner is liable for damages under section 6673. As applicable herein, section 6673 provides that damages up to $5,000 shall be awarded to the United States whenever it appears that proceedings before the Tax Court have been instituted or maintained primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. After careful consideration of the entire record in this case, in our discretion we have determined that petitioner is not liable for damages. To reflect concessions and the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. The years at issue in docket No. 676-84 are 1979 and 1980, and the year at issue in docket No. 12465-84 is 1981. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Rose A. Leining is a petitioner in this case solely by virtue of having filed joint Federal income tax returns with George C. Leining for 1979 and 1980.↩
4. These alcoholic beverages were reported and valued separately from the above beverages. They apparently were the property of a social organization and were being stored temporarily at the Leining residence.↩
5. See Jenny v. Commissioner,T.C. Memo. 1977-142↩.
6. Respondent calculated petitioner's taxable income as follows: Wages and fees
$40,594.60
Unemployment compensation income
2,400.00
$42,994.60
Less exclusion
1,000.00
$41,994.60
The $ .07 difference between this figure and the amount of wages and income stipulated to by petitioner is unexplained. ↩
7. Petitioner did not, however, advance these arguments at trial.↩
8. See Ferretti v. Commissioner,T.C. Memo. 1982-375↩.