EDWARD F. AND PATRICIA J. NEUBECKER, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 872-73.    Filed December 18, 1975.

---

*Edward F. Neubecker,* pro se.
*Michael W. Ford,* for the respondent.

OPINION

The principal issue remaining for decision is whether, incident to the dissolution of the partnership of Frinzi, Catania, and Neubecker, petitioners sustained a recognizable loss on Edward F. Neubecker's interest in the partnership. We must also determine whether petitioners are liable for the addition to tax asserted by respondent pursuant to section 6651(a).

With regard to the partnership loss issue, petitioners' position is predicated on the dissolution of the Frinzi, Catania, and Neubecker partnership. Since Neubecker had, at the time of dissolution, a capital account in the amount of $2,425.57, and in view of the fact that the items taken by Neubecker and Catania for use in their new office were of minimal value, petitioners concluded they sustained a deductible loss on said partnership interest. On brief,[4] petitioners shift the thrust of their argument and characterize the value of Neubecker's share of the assets which remained with Frinzi as an abandonment or forfeiture loss, which theory is premised on petitioner's contention that the Code sections specifically relating to the taxation of partners and partnerships (subchapter K) fail to deal with the treatment to which petitioners are entitled.

Respondent, on the other hand, argues that petitioners sustained no deductible loss on the partnership interest because the Frinzi, Catania, and Neubecker partnership, albeit dissolved, did not terminate within the meaning of section 708,[5] and thus,

[4] Respondent argues that as issues raised for the first time on brief, the abandonment and forfeiture questions are not properly before us and cites in support thereof Rule 34(b)(4), Tax Court Rules of Practice and Procedure, and *Richard H. Pritchett,* 63 T.C. 149 (1974). We believe that respondent's reliance on these authorities is misplaced because we regard these questions as alternative theories related to the loss issue rather than new separate issues. Accordingly, we consider, *infra,* petitioners' forfeiture and abandonment contentions.

[5] In pertinent part, sec. 708 provides:
SEC. 708. CONTINUATION OF PARTNERSHIP.

there was no event occasioning realization of loss. Further, if under section 708, Neubecker's interest remained in partnership solution and therefore not completely liquidated, section 731(a)(2)[6] would operate to deny recognition of the loss. In the alternative, even if a termination and complete liquidation of Neubecker's interest did occur, respondent contends that petitioners nevertheless failed to satisfy the requirement of section 731(a)(2) as to the nature of the property distributed and are thereby precluded from recognizing any realized loss.

While it can be argued that the provisions of subchapter K did not envision such an informal splitting up of a partnership as occurred here, we must agree with respondent's analysis that the provisions of subchapter K do prevent the recognition of any loss to petitioners under the circumstances here present.

We note as a threshold matter that in the context of section 708 there is an implicit distinction drawn between dissolution and termination, which dispels the dispositive significance which petitioners would accord the dissolution of Frinzi, Catania, and

---

(a) GENERAL RULE.—For purposes of this subchapter, an existing partnership shall be considered as continuing if it is not terminated.

(b) TERMINATION.—

(1) GENERAL RULE.—For purposes of subsection (a), a partnership shall be considered as terminated only if—

(A) no part of any business, financial operation, or venture of the partnership continues to be carried on by any of its partners in a partnership, or

(B) within a 12-month period there is a sale or exchange of 50 percent or more of the total interest in partnership capital and profits.

(2) SPECIAL RULES.—

* * *

(B) DIVISION OF A PARTNERSHIP.—In the case of a division of a partnership into two or more partnerships, the resulting partnerships (other than any resulting partnership the members of which had an interest of 50 percent or less in the capital and profits of the prior partnership) shall, for purposes of this section, be considered a continuation of the prior partnership.

[6] SEC. 731. EXTENT OF RECOGNITION OF GAIN OR LOSS ON DISTRIBUTION.

(a) PARTNERS.—In the case of a distribution by a partnership to a partner—

* * *

(2) loss shall not be recognized to such partner, except that upon a distribution in liquidation of a partner's interest in a partnership where no property other than that described in subparagraph (A) or (B) is distributed to such partner, loss shall be recognized to the extent of the excess of the adjusted basis of such partner's interest in the partnership over the sum of—

(A) any money distributed, and

(B) the basis to the distributee, as determined under section 732, of any unrealized receivables (as defined in section 751(c)) and inventory (as defined in section 751(d)(2)).

Any gain or loss recognized under this subsection shall be considered as gain or loss from the sale or exchange of the partnership interest of the distributee partner.

Neubecker. See *Elaine Yagoda,* 39 T.C. 170, 183 (1962), affd. 331 F. 2d 485, 491 n. 5 (2d Cir. 1964), cert. denied 379 U.S. 842 (1964). Under the law there would appear to be no termination of Frinzi, Catania, and Neubecker but rather a continuation of that partnership in Catania and Neubecker with Frinzi being the withdrawing partner.

Section 708(a) provides that an existing partnership shall be considered as continuing if it is not terminated, and subsection (b)(1)(A) provides that a partnership shall be considered as terminated only if "(A) no part of any business, financial operation, or venture of the partnership continues to be carried on by any of its partners in a partnership, or * * * " Section 708(b)(2)(B) provides that:

In the case of a division of a partnership into two or more partnerships, the resulting partnerships (other than any resulting partnership the members of which had an interest of 50 percent or less in the capital and profits of the prior partnership) shall, for purposes of this section, be considered a continuation of the prior partnership.

See n. 5 *supra.*[7]

We believe that the extant facts warrant no other conclusion than that a sufficient part of the business conducted by Frinzi, Catania, and Neubecker continued to be carried on by the Catania and Neubecker partnership such that the former cannot be considered as terminated. Sec. 708(b)(1)(A), n. 5 *supra.* Immediately upon dissolution of the partnership, Catania and Neubecker formed the Catania and Neubecker partnership. To the extent that petitioner and Catania, as partners in Catania and Neubecker, retained certain clients and cases for which they had responsibility when practicing as partners in Frinzi, Catania, and Neubecker, the continuity of operation contemplated in section 708(b)(1)(A) is clearly established. Although petitioners have not argued, nor does the record demonstrate, that these cases and clients were taken by Neubecker and Catania incident to winding down and arriving at a final accounting in respect of Frinzi, Catania, and Neubecker, that partnership would nevertheless be considered as continuing while in the process of winding down since section 708(b)(1)(A) requires complete cessation of

---

[7] We recognize that it can be argued that sec. 708(b)(2)(B) is not applicable here because the partnership was not divided "into two or more partnerships" since Frinzi was apparently no longer in a partnership. See sec. 1.708-1(b)(2)(ii), Income Tax Regs. Even so, there would be no termination of the partnership under sec. 708(a) and (b)(1).

business in order to effect a termination. *Baker Commodities, Inc. v. Commissioner,* 415 F. 2d 519 (9th Cir. 1969), affg. 48 T.C. 374 (1967), cert. denied 397 U.S. 988 (1970); *Ginsburg v. United States,* 396 F. 2d 983 (Ct. Cl. 1968).

The fact that the Catania and Neubecker partnership kept the same employer identification number further supports our determination as to the continuation of Frinzi, Catania, and Neubecker. Contrary to the emphasis placed by petitioners on the fact that Neubecker and Catania vacated the old premises and relocated in other office facilities, we attribute little significance to such fact which, although indicative of some physical interruption of operation, is irrelevant in terms of the criteria set forth in section 708.

If, then, Frinzi, Catania, and Neubecker continued by virtue of the fact that its business was in part carried on by its partners, Neubecker and Catania, in a partnership, it follows that the receipt of the few items of office equipment and supplies, to the extent characterized as a distribution to Neubecker, nevertheless did not constitute a distribution in liquidation of his partnership interest, which is the threshold requirement for recognition of loss pursuant to section 731(a)(2) and the regulations thereunder.[8]

Section 731(a)(2) provides that in the case of a distribution to a partner loss shall not be recognized to such partner unless the distribution is in liquidation of his interest in the partnership and then only if the property distributed to him consists only of money, unrealized receivables, and inventory. Here the assets received by Catania and Neubecker were not received in liquidation of their interests in the partnership; they retained their interests in the continuing partnership. But even if the partnership did terminate within the meaning of section 708 and Neubecker's interest in the firm was completely liquidated, section 731(a)(2) would still operate to preclude recognition of a loss at that time. While we need not decide precisely what property comprised the liquidating distribution to Neubecker,

---

[8] Sec. 1.731-1(a)(2), Income Tax Regs., in pertinent part provides:

(2) *Recognition of loss.* Loss is recognized to a partner only upon the liquidation of his entire interest in the partnership, and only if the property distributed to him consists solely of money, unrealized receivables * * *, and inventory items * * *. The term "liquidation of a partner's interest", as defined in section 761(d), is the termination of the partner's entire interest in the partnership by means of a distribution or a series of distributions. * * * If the partner whose interest is liquidated receives any property other than money, unrealized receivables, or inventory items, then no loss will be recognized. * * *

clearly such distribution did not consist solely of money, unrealized receivables, or inventory as specified in section 731(a)(2)(A) and (B).

The record is devoid of any evidence indicating receipt of any of the prescribed items of property. Petitioner received no cash. Presumably the business of Frinzi, Catania, and Neubecker involved no inventory. Neubecker himself testified that no allocation of receivables, if any existed, occurred. And further, petitioners have presented no evidence that Neubecker was relieved of any partnership liabilities so as to constitute a distribution of money under section 752(b).[9] Furthermore, even if we might infer from Neubecker's retention of certain cases and clients that he in fact acquired accounts receivable or money, petitioners fail to qualify for recognition of loss under section 731(a)(2) by virtue of Neubecker's receipt of the aforementioned proscribed property.[10]

Thus, under either approach, section 731(a)(2) dictates non-recognition of petitioners' claimed loss. Moreover, we find that the applicability of section 731(a)(2) renders petitioners' characterization of the loss as a forfeiture or an abandonment loss,[11] deductible under section 165, unavailing. In respect of the relation of subchapter K to the more general provisions of the Code, "the specific language of Section 731 prevails over the general language of Section 165(a) as to a fact situation falling within the ambit of Section 731." *Estate of Dupree v. United States,* 391 F. 2d 753, 757-758 (5th Cir. 1968).

Not only does section 731 itself operate to deny petitioners recourse under section 165, but our findings and analysis necessary to determine the applicability of section 731 also preclude, as a factual matter, characterization of the loss in issue as an abandonment or forfeiture loss, both of which characteriza-

---

[9] SEC. 752. TREATMENT OF CERTAIN LIABILITIES.

(b) DECREASE IN PARTNER'S LIABILITIES.—Any decrease in a partner's share of the liabilities of a partnership, or any decrease in a partner's individual liabilities by reason of the assumption by the partnership of such individual liabilities, shall be considered as a distribution of money to the partner by the partnership.

See *Andrew O. Stilwell,* 46 T.C. 247 (1966), where, since we found that the petitioner received money to the extent of liabilities assumed by his former partner, sec. 731(a)(2) applied to produce a deductible capital loss.

[10] That is, the typewriter, chairs, file cabinets, miscellaneous books and pamphlets, and office supplies to which the parties have stipulated.

[11] Either characterization would give rise to an ordinary loss which is inconsistent with the fact that, on their return for 1969, petitioners claimed the loss as a short-term capital loss.

tions must be predicated on the contention that Neubecker received nothing in respect of his partnership interest. The record, however, clearly disproves this premise in view of the fact that Neubecker did receive some property upon dissolution of the partnership.

Further, we do not find support for either characterization in *Gaius G. Gannon,* 16 T.C. 1134 (1951), acq. 1951-2 C.B. 2, and *Palmer Hutcheson,* 17 T.C. 14 (1951), upon which petitioners primarily rely. In these cases, the respective petitioners, who were partners in the same law firm, voluntarily withdrew from the partnership and, by application of explicit forfeiture provisions in the partnership agreement, were thereby denied any compensation for their respective interests in the firm. We held in both cases that the petitioner was entitled to a deductible loss by virtue of the forfeiture of the partnership interest.

Unlike the facts in *Gaius G. Gannon, supra,* and *Palmer Hutcheson, supra,* the Frinzi, Catania, and Neubecker partnership agreement contained no forfeiture provision or restriction on Neubecker's right to receive a return of his investment upon withdrawal from, or the dissolution or termination, of the partnership. And, as we have emphasized, Neubecker did in fact receive property upon dissolution of the partnership.

In addition to being so factually distinguishable, we believe *Gaius G. Gannon, supra,* and *Palmer Hutcheson, supra,* to be inapposite for the reasons expressed in *Andrew O. Stilwell,* 46 T.C. 247 (1966), where, in holding that the petitioner therein did not suffer a complete forfeiture, we stated:

> Moreover, these cases [*Gaius G. Gannon* and *Palmer Hutcheson*] were decided under the Internal Revenue Code of 1939, which contained extremely sparse provisions dealing with the taxation of partnerships. By way of contrast, the partnership sections of the Internal Revenue Code of 1954 were expressly designed to deal with this inadequacy and to provide "the first comprehensive statutory treatment of partners and partnerships * * *." * * * [46 T.C. at 251-252. Citations omitted.]

Again, in *Edward H. Pietz,* 59 T.C. 207 (1972), where by virtue of the interaction of sections 752(b), 731, and 741, we held that the petitioners therein recognized a capital loss upon the liquidation of a partnership interest, in discussing the applicability of *Gaius G. Gannon, supra,* and *Palmer Hutcheson, supra,* we emphasized both the distinctive factual circumstances of those two cases and the import of the subsequent enactment of

subchapter K and accordingly found the *Gannon* and *Hutcheson* cases, *supra,* inapposite (59 T.C. at 219).

On the basis of the foregoing, we hold that petitioners did not sustain a deductible loss in 1969 in respect of Neubecker's interest in the Frinzi, Catania, and Neubecker partnership.

Turning to the question of petitioners' liability for the late filing penalty asserted pursuant to section 6651(a), we find that petitioners, having presented no evidence on this issue, have failed to carry their burden of proof; accordingly, we sustain respondent's determination of the delinquency penalty. *Welch v. Helvering,* 290 U.S. 111 (1933); *C. Fink Fischer,* 50 T.C. 164 (1968).

*Decision will be entered under Rule 155.*