ROLLAND A. NEVE AND ELAINE P. NEVE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Neve v. Commissioner
Docket No. 20443-80.
United States Tax Court
T.C. Memo 1983-7; 1983 Tax Ct. Memo LEXIS 779; 45 T.C.M. (CCH) 471; T.C.M. (RIA) 83007; January 5, 1983. *779 Held, petitioners' taxable income during 1976 was $29,789. Their "legal" and constitutional arguments to the contrary are frivolous and wholly without merit. Held further, petitioners are liable for the addition to tax pursuant to sec. 6651(a), I.R.C. 1954, for 1976. Held further, petitioners are liable for the addition to tax pursuant to sec. 6653(a) for 1976. Rolland A. Neve, pro se. A. Albert Ajubita, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated August 18, 1980, respondent determined a deficiency in and additions to petitioners' Federal income taxes for the taxable year 1976 as follows: Addition to tax
Addition to tax
Deficiency
pursuant to sec. 6651(a)
pursuant to sec. 6653(a)
$8,656.00
$1,298.40
$464.05
*780 The issues for decision are (1) whether petitioners received taxable income during 1976 in the amount of $29,789; (2) whether petitioners are liable for the addition to tax pursuant to section 6651(a), I.R.C. 1954; and (3) whether petitioners are liable for the addition to tax pursuant to section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, and exhibits attached thereto are incorporated herein by this reference. Petitioners Rolland A. Neve and his wife, Elaine P. Neve, resided in Metairie, Louisiana at the time of filing the petition herein. Elaine P. Neve is a party to this proceeding solely by reason of having filed a joint return with Mr. Neve (hereinafter petitioner). Petitioner's Federal income tax return for the year 1976 was filed on September 9, 1977 with the Office of the Director, Internal Revenue Service. The time for filing a timely return, including extensions, expired on June 15, 1977. During 1976, petitioner was a sales engineer for both George W. Shepherd, Jr., Inc. and Shepherd Sales and Service, Inc. He received $36,405 as commissions for services rendered *781 to those companies during the year. On March 17, 1975, petitioner and his wife executed a "Declaration of Trust of this Pure Trust" which purported to establish for a term of 25 years "The Rolland A. Neve Family Equity Trust." Petitioner assigned various items of income, including the $36,405 received by him in commissions, to the trust. In the second stipulation of facts, petitioner conceded that the family trust is without effect for Federal income tax purposes. OPINION We first address the question of whether petitioner and his wife received taxable income during 1976 of $29,789. Petitioner does not challenge the mathematics of respondent's calculations. Additionally, no attempt was made by petitioner to substantiate any deductions to which he might have been entitled in excess of the standard deduction used by his respondent in his calculations. Instead, petitioner advanced a number of "legal" and constitutional arguments during and after trial. All of these contentions have been asserted unsuccessfully in the past and petitioner surely will not be surprised by our holding that such arguments continue to be frivolous and wholly without merit. Wilkinson v. Commissioner,71 T.C. 633, 638-639 (1979). *782 Accordingly, respondent's determination of deficiency is sustained. The second issue is whether petitioner is liable for the addition to tax pursuant to section 6651(a) for 1976. Section 6651(a) provides for an addition to tax for failure to file a timely return unless such failure was due to reasonable cause and not due to willful neglect. Petitioner offered no evidence in support of his argument that the tardy filing was due to reasonable cause. [1] Because he bears the burden of proving that he is not liable for the addition, we must sustain respondent. Neubecker v. Commissioner,65 T.C. 577, 586 (1975). We now address the addition to tax pursuant to section 6653(a). Respondent's determination of addition to the due to negligence or intentional disregard is presumptively correct. Enoch v. Commissioner,57 T.C. 781, 802 (1972). *783 Petitioner's various constitutional claims are patently frivolous. Any citizen of this country exercising minimal prudence should be well aware that wages constitute income to the recipient thereof. Respondent's determination is sustained. [2]
Decision will be entered for the respondent.
Footnotes
1. Petitioner's arguments in his reply brief are based upon facts that are not in the record. As such, they do not constitute evidence. Rule 143(b), Tax Court Rules of Practice and Procedure.↩ Moreover, even if such facts were in the record they would not be sufficient to excuse petitioner from timely filing his return.
2. See Lively v. Commissioner,T.C. Memo. 1982-590; Funk v. Commissioner,T.C. Memo. 1981-506; Miller v. Commissioner,T.C. Memo. 1981-296; Crisman v. Commissioner,T.C. Memo. 1980-361↩.