DALE J. KROHN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krohn v. Commissioner
Docket No. 19900-80.
United States Tax Court
T.C. Memo 1983-117; 1983 Tax Ct. Memo LEXIS 666; 45 T.C.M. (CCH) 895; T.C.M. (RIA) 83117; March 7, 1983. *666 Held, petitioner had taxable income during the years 1976, 1977 and 1978 of $15,949.68, $18,693.08 and $19,871.45, respectively. His "legal" and constitutional arguments to the contrary are frivolous and wholly without merit. Held further, petitioner is liable for the additions to tax pursuant to sec. 6651(a), I.R.C. 1954, for the years 1976, 1977 and 1978. Held further, petitioner is liable for the additions to tax pursuant to sec. 6653(a) for the years 1976, 1977 and 1978. Dale J. Krohn, pro se. Stephen J. Waller, for the respondent. STERRETT
MEMORANDUM FINDINGS OF *667 FACT AND OPINION STERRETT, Judge: By notice of deficiency dated August 12, 1980 respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Addition to tax pursuant to
Year
Deficiency
sec. 6651(a)
sec. 6653(a)
1976
$2,675
$642
$134
1977
3,565
858
178
1978
3,965
951
198
The issues for decision are (1) whether petitioner received taxable income during the years 1976, 1977 and 1978 in the amounts of $15,949.68, $18,693.08 and $19,871.45, respectively; (2) whether petitioner is liable for the additions to tax pursuant to section 6651(a), I.R.C. 1954; and (3) whether petitioner is liable for the additions to tax pursuant to section 6653(a). FINDINGS OF FACT By Court order dated February 24, 1982 the facts contained in respondent's proposed stipulation of facts were deemed established and they are herewith found as facts for purposes of this case. The stipulation of facts so found and exhibits attached thereto are incorporated herein by this reference. Petitioner, Dale J. Krohn, resided in Phoenix, Arizona at the time of filing the petition herein. He filed Forms 1040 for the taxable *668 years 1976, 1977 and 1978 with the Internal Revenue Service Center, Ogden, Utah; however, in response to all questions regarding his wages, other income, deductions, and ultimate tax liability, he wrote "specific objection is made under the 5th Amendment, U.S. Constitution * * *." Hence, although his Forms W-2 for the years 1976, 1977 and 1978 displayed that he received wages in the amounts of $15,949.68, $18,693.08 and $19,871.45, respectively, [1] he reported no income and showed no tax liability on any of the filed Forms 1040. In his notice of deficiency, respondent determined that petitioner received income in the amount of the wages reported on his W-2 forms for the tax years in question and determined deficiencies based on such incomes. Respondent also determined that petitioner had not filed returns within the meaning of section 6012 and imposed additions to tax under section 6651(a) for late filings. Finally, respondent imposed additions to the tax under section 6653(a) of 5 percent of the underpayments because *669 he determined that parts of such underpayments were attributable to negligence or intentional disregard of rules and regulations. OPINION We first address the question of whether petitioner received taxable income during the years 1976, 1977 and 1978 equal to the amounts determined by respondent. Although during the trial of this case the Court repeatedly questioned petitioner as to whether he had any evidence to introduce to dispute the deficiency determinations of respondent, petitioner failed to offer any such evidence. To the contrary, petitioner admitted that he actually received the amounts (although contending that they were in "phony" dollars) reported on his W-2 forms for each year and that he lacked any evidence to substantiate any deductions (in excess of that allowed by respondent) to which he might have been entitled for the tax years in question. [2] Petitioner attempted to justify his position by advancing a number of "legal" and constitutional arguments during and after trial. All of these contentions have been asserted unsuccessfully in the past and we continue to find such arguments frivolous and wholly without merit. Wilkinson v. Commissioner,71 T.C. 633, 638-639 (1979). *670 Accordingly, respondent's determination of deficiencies is sustained. The second issue is whether petitioner is liable for the additions to tax pursuant to section 6651(a) for 1976, 1977 and 1978. Section 6651(a) provides for an addition to tax for failure to file a timely return unless such failure was due to reasonable cause. Petitioner bears the burden of proving that he is not liable for such additions. Neubecker v. Commissioner,65 T.C. 577, 586 (1975). While it is true in this case that petitioner actually filed Forms 1040 for the taxable years in question, it is well settled that a Form 1040 which discloses no information with respect to a taxpayer's income and deductions does not constitute a "return" within the meaning of section 6012. Hatfield v. Commissioner,68 T.C. 895, 898 (1977); Reiff v. Commissioner,77 T.C. 1169, 1176-1180 (1981). Therefore, since petitioner did not file tax returns *671 for the taxable years in question, we must sustain respondent's determination for each of the years at issue. Finally, we address ourselves to the additions to tax pursuant to section 6653(a). Section 6653(a) imposes an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. Respondent's determination under such section is presumptively correct. Enoch v. Commissioner,57 T.C. 781, 802 (1972). Since petitioner has offered nothing more than conspicuously frivolous constitutional claims to justify the underpayments in question, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. According to petitioner's Forms W-2, he had Federall income tax withheld of $103.90, $131.45 and $160.76, respectively, for the tax years 1976, 1977 and 1978.↩
2. Respondent utilized the standard deduction and allowed petitioner one exemption in computing his taxable income for 1976. For 1977 and 1978, respondent utilized the appropriate tax tables which have such items built in.↩