GASPER T. MARTINEZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martinez v. Commissioner
Docket Nos. 15232-82, 18311-83.
United States Tax Court
T.C. Memo 1985-36; 1985 Tax Ct. Memo LEXIS 597; 49 T.C.M. (CCH) 578; T.C.M. (RIA) 85036; January 17, 1985
Gasper T. Martinez, pro se. James E. Polk, for the respondent. KORNER
*578 MEMORANDUM OPINION KORNER, Judge: In these consolidated cases, respondent determined deficiencies of income tax and additions to tax against petitioner, in the amounts and for the years as follows: Additions to Tax
Docket No.
Tax Year Ended
Deficiency
6651(a) [1]
6653(a)
6654
15232-82
Dec. 31, 1978
$3,020.00
$425.25
$151.00
$43.88
Dec. 31, 1979
5,700.04
507.39
285.00
46.68
Dec. 31, 1980
5,625.18
667.33
281.26
122.93
18311-83
Dec. 31, 1981
6,657.00
1,594.25
332.85
483.37
*598 *2 Although the petitions herein raised numerous frivolous tax protestor issues, all such issues were abandoned by petitioner at trial, so that there remains only for us to determine: a. Whether respondent's determinations of income with respect to petitioner were correct., b. Whether respondent's recomputations of petitioner's tax liabilities were correct; c. Whether respondent was correct in imposing additions to tax against petitioner under the provisions of section 6651(a); d. Whether respondent was correct in imposing additions to tax against petitioner under the provisions of section 6653(a); and e. Whether respondent was correct in imposing additions to tax against petitioner under the provisions of section 6654. At trial, the parties submitted a stipulation of facts with accompanying exhibits with respect to relevant facts involving the years 1978, 1979 and 1980. With respect to the year 1981, other relevant facts were established by *599 the admissions of petitioner and certain matters which the Court ordered deemed to be admitted. As the result of said stipulation, admissions, deemed admissions, and concessions at trial, the following facts are established: At the time of the timely filing of the petitions herein, petitioner was a resident of Taos, New Mexico. *3 For each of the years here in issue, petitioner filed Forms 1040 with respondent, purporting to be his annual individual income tax returns. In such documents, after giving his name and address and claiming one personal exemption, petitioner refused, on alleged Fifth Amendment grounds, to give any further information from which his taxable income and tax could be determined. [2] The purported returns disclosed no tax liability. For the years in issue, petitioner received wages from his employment, and had Federal income tax withheld from his wages, as follows: Year Ended Dec. 31
Wage Income
Federal Tax Withheld
1978
$14,988.03
$1,319.00
1979
19,078.95
3,670.49
1980
25,162.00
2,955.88
1981
28,036.00
280.00
*600 For each of the years in issue, petitioner was entitled to one personal exemption. In the statutory notices of deficiency herein, petitioner's tax was computed from respondent's tax tables for the year 1978 and 1981. For the years 1979 and 1980, the tax was computed from respondent's Schedule TC, an attachment to the Form 1040 in effect for those years, and from respondent's tax rate Schedule X. *4 For the year 1981, a separate allowance of $1,000 was given petitioner as a personal exemption in the statutory notice. No such separate allowance was stated in the statutory notices for 1978, 1979 and 1980; in the computation of petitioner's tax for 1979 and 1980 on Schedule TC, however, the personal exemption of $1,000 was given, and for 1978, respondent's tax tables used to compute petitioner's tax had the $1,000 personal exemption built into the tables. With respect to allowances for the general credit and zero bracket amounts, as applicable in 1978 and 1981, respondent's tax tables for the respective years had the appropriate allowances built into the tables, and were thus allowed to petitioner. For the years 1979 and 1980, where respondent used Schedule TC and his *601 tax rate Schedule X, such allowances were likewise built in to the rate schedule. Petitioner's complaints that respondent did not allow him a proper personal exemption, as well as the zero bracket amount and any applicable general tax credit, are therefore without merit. In two respects, however, respondent's determinations appear to be in error: a. For the year 1978, respondent determined a tax of $3,020, based upon tax table income of $14,988.03. Reference to the appropriate tax table, however, indicates that such amount should properly have been $2,457. *5 b. The parties have stipulated that petitioner's income for 1979 was in the amount of $19,078.95, as opposed to the figure of $25,353.95, as determined by respondent. In the necessary Rule 155 computation herein, such discrepancies can be corrected. For all years, after giving credit for prepayment of tax through withholding, in the amounts as found above, respondent imposed an addition to tax under section 6651(a) for failure to file a timely return. The burden of proof to show reasonable cause for failure to file a timely return is on petitioner. Neubecker v. Commissioner,65 T.C. 577 (1975). *602 It is well established that a purported tax return, such as those involved herein, which discloses no information from which a taxpayer's income and tax liability can be computed, does not constitute an income tax return within the meaning of the statute. United States v. Porth,426 F.2d 519 (10th Cir. 1970). Petitioner has failed to make any showing of reasonable cause for failure to file a proper return in the years before us, and respondent's determination of additions to tax under section 6651(a) are accordingly approved. Respondent likewise determined additions to tax for each of the years here in issue for negligence or intentional disregard of rules and regulations under section 6653(a). Here again, the burden of proof was on petitioner to show that his actions were *6 not negligent within the meaning of the statute. Enoch v. Commissioner,57 T.C. 781 (1972). There has been no showing herein that petitioner's actions were other than negligent as determined by respondent, and respondent's determinations are accordingly approved. Finally, respondent determined additions to tax for years herein under the provisions of section 6654, *603 for underestimation of tax. The record shows no prepayment of tax by petitioner at all for any year, except through withholding by his employer. Where such prepayments of tax, either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition is automatic, unless petitioner can show that one of several statutorily provided exceptions applies. Section 6654. The burden to show qualification for such exception is on petitioner, Grosshandler v. Commissioner,75 T.C. 1 (1980). Petitioner made no such showing, and respondent's determinations are accordingly approved. Decisions will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all references to Rules are to the Tax Court Rules of Practice and Procedure, unless otherwise noted.↩
2. Although petitioner's tax return for 1980 was the only one offered in evidence, petitioner at trial admitted that the returns for the other three years were the same.↩