DANIEL AND ELAINE ENGEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Engel v. Commissioner
Docket No. 48140-86.
United States Tax Court
T.C. Memo 1988-94; 1988 Tax Ct. Memo LEXIS 117; 55 T.C.M. (CCH) 303; T.C.M. (RIA) 88094; March 2, 1988. Daniel R. Engel, pro se. Michael A. Ruban, for the respondent. GUSSIS
MEMORANDUM FINDINGS OF FACT AND OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, *118 Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax for the taxable year 1982 as follows: Income Tax
Additions To Tax
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
Elaine Engel
$ 2,649
$ 354.53
$ 132.45
*
$ 108.08
Daniel R.
$ 2,649
$ 354.53
$ 132.45
*
$ 108.08
Engel
Petitioners have stipulated that they received total wage income in 1982 in the amount of $ 30,914.91. Respondent has also made a concession. The remaining issues are whether petitioners are liable for additions to tax under section 6651(a) for failure to file a timely return for the taxable year 1982 and whether they are liable for additions to tax under section 6653(a) and section 6654. *119 Some of the facts were stipulated and they are so found. Petitioners were residents of Beaumont, Texas at the time their petition herein was filed. For purposes of convenience we have combined the findings of fact and opinion. Respondent's records indicate that no income tax return was filed by petitioners for the taxable year 1982. Petitioners, however, contend that they did in fact file a return for said year. Petitioners have the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Neubecker v. Commissioner,65 T.C. 577, 586 (1975). Petitioner Daniel R. Engel's testimony, largely uncorroborated, that he did in fact file an income tax return for 1982 is unpersuasive. Much of his testimony was vague and extremely general in nature. He was unable to provide any persuasive information with respect to the preparation or mailing of the return. He could not recall whether such return showed a tax liability or a refund due. He explained that he did not have a copy of his 1982 return because of a fire in his home in November 1984. We do not believe that a Form 4684 (Casualties and Thefts) for 1982, purportedly retrieved from the fire-damaged *120 house, establishes that a completed 1982 tax return was ever filed. Finally, the record shows that Daniel R. Engel executed a W-4 Form on January 1, 1982 in which he claimed that he was exempt from income tax and that he did not expect to owe any Federal income tax for the year. In view of such spurious claims, it would appear highly unlikely that petitioner did in fact make any effort to file a 1982 income tax return. We conclude on this record that petitioner failed to meet his burden of showing that he filed a timely return for 1982 or that his failure to do so was due to reasonable cause and not due to willful neglect within the meaning of section 6651(a). Respondent is therefore sustained on this issue. Section 6653(a)(1) imposes an addition to tax if any part of an underpayment is due to negligence or disregard of rules and regulations. Section 6653(a)(2) imposes an addition to tax in the amount of 50 percent of the interest on the portion of an underpayment attributable to negligence. Petitioners have the burden of proof. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioners failed to present any persuasive evidence on this issue. Consequently, *121 we must sustain the imposition of the additions to tax under sections 6653(a)(1) and (2) as determined by respondent. Respondent's determination that petitioners are liable for additions to tax under section 6654 for the year 1982 is presumptively correct. We find on this record that petitioners have failed to show error in respondent's determination. Respondent is therefore sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50 percent of the interest attributable to the underpayment of $ 2,649 ↩