GEORGE I. AND CAROLYN M. REID, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reid v. Commissioner
Docket No. 13109-86.
United States Tax Court
T.C. Memo 1988-121; 1988 Tax Ct. Memo LEXIS 149; 55 T.C.M. (CCH) 433; T.C.M. (RIA) 88121; March 21, 1988. George I. and Carolyn M. Reid, pro se. Frank D. Armstrong, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] Respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $ 2,940, and an addition to tax under section 6651(a)(1) [2] in the amount of $ 38.97. The issues for decision are: (1) whether petitioners are entitled to a deduction for a theft loss under section 165 and (2) whether petitioners are liable for *151 an addition to tax under section 6651(a)(1). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein. Petitioners resided in Pinnacle, North Carolina at the time they filed their petition. George I. Reid ("petitioner") established Plating Teknologies, an electroplating business, on October 1, 1979, in Fairfax County, Virginia. In January of 1980 petitioner relocated his business to Arlo Industrial Park in Loudoun County, Virginia, where he leased a building from Arlo Industrial Corporation ("AIC"). Petitioner operated Plating Teknologies until August of 1980, at which time he and his wife moved to Pinnacle, North Carolina. Petitioner, however, continued *152 to own Plating Teknologies, which was operated for a short time by petitioner's employee. On or about August 19, 1980, petitioner visited Plating Teknologies. He discovered that AIC had changed the locks and was planning to dispose of hazardous chemicals used in the business, specifically cadmium. [3] Ultimately, the local fire marshal ordered AIC to remove the hazardous chemicals that remained in the building. [4] AIC contracted to have the chemicals removed, and in October of 1980 [5] a chemical removal firm removed 6,749 gallons of rinse water and chemicals, including cadmium, from Plating Teknologies. Six additional 55-gallon drums were removed in November of 1980. The total removal costs of $ 17,114.03 were paid by Loudoun County, Virginia on February 24, 1981. Petitioner maintains that *153 he is entitled to a deduction for the loss he allegedly sustained when his chemicals were removed from Plating Teknologies. His rationale for the deduction is somewhat attenuated. Basically, petitioner theorizes that the entire sequence of events was tantamount to a theft and subsequent sale of his chemicals. To this end, petitioner contends that his chemicals were never placed in a hazardous storage facility. Rather, petitioner alleges that his chemicals, along with some chemicals that did not belong to him, were removed and "sold" by AIC to Loudoun County since the county ultimately "paid" for the chemicals. [6] Petitioner never received any money from this alleged sale, so he maintains he is entitled to a deduction for $ 15,964.47 [7] of the $ 17,114.03 total "sale proceeds". Petitioner deducted $ 15,964.47 on his 1983 Schedule C. [8] Petitioner paid approximately $ 3,000 for the chemicals used in his electroplating business, and expensed a large part of this cost on his 1979 Schedule C. *154 OPINION Respondent disallowed petitioner's loss deduction on the basis that petitioner failed to establish the amount of the loss. We agree with respondent. Section 165 allows a deduction for losses sustained during the taxable year that are not compensated by insurance or otherwise, including theft losses incurred in a trade or business. Secs. 165(A), 165 (c)(1) and 165(e). In the case of property held in a trade or business, the amount deductible as the result of a theft loss is the lesser of (i) the fair market value of the property immediately before the loss or (ii) the adjusted basis of the property. Secs. 1.165-8(c) and 1.165-7(b), Income Tax Regs. The burden of proof is on petitioner to establish the amount of the loss. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner paid approximately $ 3,000 for the electroplating chemicals he purchased from 1979 through 1980. On his 1979 Schedule C, petitioner deducted $ 3,069.10 as a cost of goods sold, which he attributes primarily to the cost of chemicals. Petitioner also maintains that approximately $ 1,400 worth of chemicals were purchased in 1980. He admits, however, that Plating Teknologies *155 earned income in 1980, but petitioner failed to file a Schedule C for 1980 because he was allegedly unable to obtain his business records. Based on these bare facts, we find that petitioner expensed the costs of whatever chemicals he purchased in 1979, thereby reducing their bases to zero. See Clifton v. Commissioner,T.C. Memo. 1985-395. Similarly, for 1980 we find that petitioner's unreported income would offset his purported chemical purchases; in effect, therefore, the cost of those chemicals was deducted in 1980. As petitioner has failed to establish bases in the allegedly stolen chemicals, we find that petitioner has not established a deductible loss. We, therefore, need not address the questions whether petitioner has established that a theft occurred or whether petitioner has a reasonable prospect of being reimbursed for his claimed loss. Respondent's determination is sustained. The remaining issue is whether petitioners are liable for an addition to tax under section 6651(a)(1) for failure to file a timely return for the taxable year ended December 31, 1983. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless *156 such failure is due to reasonable cause and not to willful neglect. Under section 6072(a) April 15, 1984 was the last date that petitioners could have filed a timely 1983 return, unless an extension had been obtained. Petitioners' return was dated April 15, 1984, but was postmarked April 26, 1984. Section 7502(a)(2) provides that the postmark date must fall within the time for filing. There is no evidence that petitioners requested an extension. Petitioners have the burden of proving that their failure to file a timely return was due to reasonable cause and not due to willful neglect. Neubecker v. Commissioner,65 T.C. 577, 578 (1975); Rule 142(a). Petitioners have failed to meet this burden. We find that their return was not timely filed. Therefore, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. ↩
3. AIC's action ensued after it became involved in a lease dispute with petitioner. ↩
4. Petitioner was subsequently convicted of violating Loudoun County ordinances pertaining to the storage and inventorying of toxic chemicals. Petitioner was not assessed removal costs. ↩
5. At this time, petitioner's property at Plating Teknologies was under levy by the Sheriff of Loudoun County. ↩
6. Petitioner is also suing AIC, "the ones who sold my assets," for the proceeds of this alleged sale. ↩
7. Petitioner does not claim the entire $ 17,114.03 as a loss because he believes that he owned only 3,500 to 4,000 gallons of the chemicals and rinse water that were removed. We find that petitioner's loss deduction represents what he believes to be the fair market value of his chemicals. Nonetheless, we are at a loss to explain how petitioner arrived at his loss figure. ↩
8. Petitioner reported no gross receipts from Plating Teknologies in 1983. ↩