CHARLES E. MAGOWAN AND KATHLEEN M. MAGOWAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Magowan v. Commissioner
Docket No. 15958-91
United States Tax Court
T.C. Memo 1994-152; 1994 Tax Ct. Memo LEXIS 151; 67 T.C.M. (CCH) 2627; April 12, 1994, Filed *151 Charles E. Magowan, pro se. For respondent: Daniel J. Parent. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: For taxable year 1986, respondent determined a $ 9,078 deficiency in petitioners' Federal income tax, an addition to tax for failure to timely file under section 6651(a)(1) [1] in the amount of $ 6,491, an addition to tax for negligence under section 6653(a)(1)(A) in the amount of $ 2,045, an addition to tax under section 6653(a)(1)(B) for 50 percent of the interest due on $ 9,078, and an addition to tax for a substantial understatement of income tax under section 6661 in the amount of $ 2,270. After concessions the issues remaining for consideration are: (1) Whether petitioners are entitled to a deduction for travel and entertainment expenses in excess of the amount allowed by respondent. *152 We hold that they are not. (2) Whether petitioners are subject to an addition to tax for failure to timely file their income tax return under section 6651(a)(1). We hold that they are. (3) Whether petitioners are subject to additions to tax for negligence under section 6653(a)(1)(A) and (B). We hold that they are. (4) Whether petitioners are liable for an addition to tax for a substantial understatement of income tax under section 6661. We hold that they are. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein. Petitioners resided in Santa Rosa, California, at the time the petition was filed. All references to petitioner in the singular are to Charles E. Magowan. Petitioners filed a joint Federal income tax return for the 1986 taxable year. During taxable year 1986, petitioner was self-employed as a loan broker dealing primarily in construction and development loans; petitioner Kathleen Magowan was a secretary. On April 13, 1987, petitioners requested an automatic extension of time to file their 1986 income tax return by filing Form 4868, Application for Automatic Extension *153 of Time to File U.S. Individual Income Tax Return. They estimated their total 1986 income tax liability to be $ 7,500, and included payment with their extension request. Petitioners were thus permitted to file their 1986 income tax return on August 17, 1987. On August 15, 1987, petitioners requested an additional extension of time to file their 1986 return by filing Form 2688, Application for Extension of Time to File U.S. Individual Income Tax Return. Respondent approved the request, and petitioners were permitted to file their 1986 income tax return on October 15, 1987; no payment was remitted with the second extension request. On October 15, 1987, petitioners filed their 1986 income tax return reflecting a balance due of $ 22,725; no payment was remitted with the return. On Schedule C of their return, petitioners claimed a deduction for travel and entertainment expenses in the amount of $ 9,289. The claimed deduction is comprised of the following items: Category
Amount
Fishing trips
$ 4,136
Car rental
294
Two airline tickets
636
Meals
3,829
Unidentified expenses
394
Total
9,289
Respondent determined that $ 2,378 of the total amount is properly deductible; *154 petitioners concede that the airline tickets and the unidentified expenses were not properly deductible. Consequently, only the fishing trips, car rental, and $ 1,451 of meals remain in dispute. During taxable year 1986, petitioners claimed a deduction for expenses incurred with respect to three fishing trips, one in Alaska and two in British Columbia, Canada. Petitioners were accompanied on these trips by several long-time clients. On the first trip to British Columbia, petitioners were accompanied by three clients, C.V. Cooper, Fritz Brand, and Randy Callahan. Petitioner has known each of these clients for approximately 30 years. While petitioner had gone on several fishing trips with Cooper in the past, this was his first trip with Brand and Callahan. Petitioners were accompanied on the second fishing trip, also to British Columbia, by Cooper and his wife, and a gentleman named Brinker and his wife. The third trip was to Alaska and was attended by petitioners and the Coopers. For all three trips, petitioners paid their own expenses and claimed a deduction for only the expenses of petitioner. OPINION Issue 1. Travel and Entertainment Expense
Respondent does not *155 contest whether petitioners actually paid the amounts in question; the gravamen of respondent's position is that the expenses were not incurred for business purposes and therefore are not deductible under sections 162 and 274. Petitioners argue that although the trips were not always made prior to, or subsequent to, business transactions, the trips were used to discuss current and potential transactions. Petitioner further claims that the trips were his only form of advertising. Deductions are a matter of legislative grace; a taxpayer seeking a deduction has the burden to point to an applicable statute and show that the taxpayer is within its terms. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Estate of Manscill v. Commissioner, 98 T.C. 413, 418 (1992). Section 162 allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 274(a), however, provides in part: (a) Entertainment, Amusement, or Recreation. -- (1) In general. - No deduction otherwise allowable under this chapter shall be allowed for any item -- *156 (A) Activity. -- With respect to an activity which is of a type generally considered to constitute entertainment, * * * unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion * * *, that such item was associated with, the active conduct of the taxpayer's trade or business, * * *
Further, section 1.274-2(c)(3), Income Tax Regs., provides in part: (3) Directly related in general. * * * an expenditure for entertainment shall be considered directly related to the active conduct of the taxpayer's trade or business if it is established that it meets all of the requirements of subdivisions (i), (ii), (iii) and (iv) of this subparagraph. (i) At the time the taxpayer made the entertainment expenditure * * *, the taxpayer had more than a general expectation of deriving some income or other specific trade or business benefit (other than the goodwill of the person or persons entertained) at some indefinite future time * * * (ii) During the entertainment * * *, the taxpayer actively engaged in a business meeting, negotiation, discussion, or other bona fide *157 business transaction, * * * for the purpose of obtaining such income or other specific trade or business benefit * * *. (iii) * * * the principal character or aspect of the combined business and entertainment * * * was the active conduct of the taxpayer's trade or business * * *. * * * The active conduct of trade or business is considered not to be the principal character or aspect of combined business and entertainment activity on * * * fishing trips * * * unless the taxpayer clearly establishes to the contrary. (iv) The expenditure was allocable to the taxpayer and a person or persons with whom the taxpayer engaged in the active conduct of trade or business during the entertainment * * * [Emphasis supplied.]
With respect to the first prong of the "directly related" test, the record shows that the fishing trips were petitioner's method of maintaining good personal relations with existing clients. He used these trips for advertising, client promotion, and entertaining. Petitioner testified that one of the trips was taken to reconcile a relationship with a former client. Based on this record we find that petitioner did not maintain more than a general expectation of deriving *158 some income or other specific trade or business benefit other than goodwill. Section 274 was promulgated to disallow this type of activity, which involves merely the promotion of goodwill in a social setting. Walliser v. Commissioner, 72 T.C. 433, 442 (1979). Further, with respect to the third prong of the "directly related" test, we find that petitioner has failed to clearly establish that the principal character or aspect of each trip was the active conduct of his trade or business. While petitioner testified that his companions on each trip were long-time clients, and that business was discussed with the clients on each trip, his testimony does not support a finding that the principal character or aspect of each trip was the active conduct of his trade or business. As petitioners have failed to satisfy two of the four criteria under the "directly related" test, we conclude that the three fishing trips were not directly related to the active conduct of petitioner's trade or business. During trial, petitioner emphasized that he was seeking a deduction for only his portion of the expenses related to the fishing trips. This distinction, however, *159 is of no consequence as section 274(a) is applicable even where the expenditure relates solely to the taxpayer. Walliser v. Commissioner, supra at 440. Accordingly, we find that petitioners are not entitled to a deduction with regard to the fishing trips. With respect to the car rental and the disallowed portion of meals, petitioners submitted a list of expenses and attached receipts. The record, however, reveals that there was no business purpose for these expenditures. For example, petitioner testified that one of the items was a birthday lunch for the wife of a long-time client; another item pertained to an airline ticket upgrade for petitioners while traveling to one of their fishing trips in British Columbia. A further item was for lunch with a former business associate of petitioner; petitioner testified that there was no business purpose associated with the meal. Deductions are not permitted for items of a personal nature. Sec. 262. Accordingly, we sustain respondent with respect to these items. Issue 2. Section 6651(a) Addition to Tax for Failure To File
Section 6651(a) imposes additions to tax for failure to file a tax return *160 or to pay any tax owing by the applicable due date, unless it is shown that such failure is due to reasonable cause and not willful neglect. Petitioners bear the burden of proving that their failure to file a timely return was due to reasonable cause and not willful neglect. Neubecker v. Commissioner, 65 T.C. 577, 586 (1975). Generally, individuals who compute their taxes on a calendar year basis must file their Federal income tax return by the 15th day of April following the close of the taxable year. Sec. 6072(a). Nevertheless, individual taxpayers may obtain an automatic 4-month extension of time to file their return. Sec. 1.6081-4(a)(1), Income Tax Regs. In order to obtain the automatic extension a taxpayer must file a signed Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return. Sec. 1.6081-4(a)(2), Income Tax Regs. The application must be filed with the appropriate internal revenue officer on or before the due date prescribed for filing the taxpayer's return. Sec. 1.6081-4(a)(3), Income Tax Regs.Section 1.6081-4(a)(4), Income Tax Regs., provides that the application: must show the full *161 amount properly estimated as tax for such taxpayer for such taxable year, and such application must be accompanied by the full remittance of the amount properly estimated as tax which is unpaid as of the date prescribed for the filing of the return. [Emphasis supplied.]
Section 1.6081-4(b), Income Tax Regs., provides that the granting of an automatic extension of time within which the taxpayer may file an income tax return does not operate to extend the time for payment of any tax due on such return. See Crocker v. Commissioner, 92 T.C. 899, 905 (1989). Thus, a taxpayer who computes his taxes on the basis of the calendar year must generally pay all such taxes by the 15th day of April following the close of such taxable year, regardless of whether he has been granted an extension of time to file his return. Secs. 6151(a), 6072(a). It is respondent's position that because petitioners failed to properly estimate their tax liability, their extension request was invalid, and the extension received was void ab initio. The Commissioner may properly void automatic extensions of filing deadlines previously obtained where the taxpayer's Form *162 4868 is invalid because of a failure to properly estimate tax liability. Crocker v. Commissioner, supra at 911. Nevertheless, the mere fact that petitioners underestimated their income tax liability is insufficient to conclude that the estimate was improper. Id. at 906. A taxpayer is treated as having "properly estimated" his tax liability, within the meaning of section 1.6081-4(a)(4), Income Tax Regs., when he makes a bona fide and reasonable estimate of his tax liability based on the information available to him at the time he makes his request for extension. Crocker v. Commissioner, supra at 908. Petitioners estimated their tax liability to be $ 7,500 at the time the first extension request was filed; no adjustments were made to the estimate for purposes of the second request. Ultimately, their tax return reflected a tax liability in excess of $ 31,000, and an amount due of $ 22,725. Petitioners failed to provide any evidence that they made a bona fide and reasonable estimate of their tax liability based on the information available to them at the time they made their request *163 for extension. On cross-examination, petitioner testified that he was unsure of the reason for the extension request. He even intimated that it was possible that he simply did not have the funds to pay the tax at that time. Therefore, we conclude that petitioners have failed to properly estimate their tax liability. If the Commissioner does void an automatic extension for failure of a taxpayer to properly estimate, the taxpayer is liable for an addition to tax under section 6651(a)(1), unless he can establish that the failure to file a return by the date prescribed by law is due to reasonable cause and not due to willful neglect. Crocker v. Commissioner, supra at 912. Reliance upon a voided automatic extension does not constitute reasonable cause for a taxpayer's failure to file his return in a timely manner where the taxpayer fails to properly estimate his tax in obtaining such extension. Id. at 913. Accordingly, we find that petitioners are subject to the addition to tax for failure to file under section 6651(a). Issue 3. Section 6653(a) Addition to Tax for Negligence
Section 6653(a)(1)(A) imposes *164 an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) imposes an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985); see Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982). Negligence is measured by an objective standard. Howard v. Commissioner, 931 F.2d 578, 582 (9th Cir. 1991), affg. T.C. Memo. 1988-531. Respondent's determination of negligence is presumed correct and petitioners bear the burden of proving otherwise. Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337; Bixby v. Commissioner, 58 T.C. 757, 791 (1972). *165 Petitioners have presented no evidence that the underpayment of tax for the years in issue was not due to negligence or intentional disregard of rules or regulations. The record in the instant case contains several instances of petitioners' negligence. For example, petitioners concede adjustments with respect to disallowed deductions for interest expense in the amount of $ 11,521, insurance expense in the amount of $ 1,685, and rent expense in the amount of $ 1,237. Accordingly, we find that petitioners are subject to the addition to tax for negligence under section 6653(a). Issue 4. Section 6661 Substantial Understatement Addition to Tax
Section 6661(a) provides for an addition to tax on underpayments attributable to a substantial understatement of income tax. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). Petitioners had a substantial understatement for each of the years at issue. The section 6661 addition to tax is not applicable, however, if there was substantial authority for the taxpayer's treatment of the item in issue or if the relevant facts relating to *166 the tax treatment were adequately disclosed on the return. Petitioners have offered no evidence to demonstrate that there is substantial authority for the treatment of the disallowed items on their income tax returns or that the treatment of the items was adequately disclosed. Accordingly, we find that petitioners are subject to the addition to tax under section 6661. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise provided, all statutory references are to the Internal Revenue Code in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩