JANET LYN JACOBS AND HUGH GARRET JACOBS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jacobs v. Commissioner
Docket No. 794-93
United States Tax Court
T.C. Memo 1994-252; 1994 Tax Ct. Memo LEXIS 257; 67 T.C.M. (CCH) 3048; June 6, 1994, Filed *257 Hugh Garret Jacobs, pro se. For respondent: Victor A. Ramirez. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined an addition to tax under section 6651(a) in the amount of $ 1,674 for the 1989 taxable year. The sole issue is whether petitioners' timely request for an automatic extension of time to file their 1989 return was invalid because they failed to properly estimate their tax liability. Some of the facts have been stipulated, and they are so found. The stipulation and attached exhibits are incorporated herein by reference. Petitioners resided in Hayden, Idaho, when they timely filed their petition herein. Petitioner Hugh Garret Jacobs was the sole proprietor of his law firm during *258 1989. Future reference to petitioner in the singular refers to Hugh Jacobs. Petitioner Janet Lyn Jacobs was employed as a secretary and bookkeeper at the law firm. Petitioner referred to the law firm operation as a "mom-and-pop type law shop". Petitioners filed an application for automatic extension of time for their 1989 return. The form indicated that the total tax liability for 1989 would be zero. In fact, when the return was filed on August 15, 1990, the amount of tax due was $ 6,977. The application, as well as the subsequent return, was prepared by petitioners' certified public accountant, Robert J. Blessing of Coeur d'Alene, Idaho. At the time of the filing for the automatic extension for 1989, petitioners did not provide any physical records or summaries to Mr. Blessing. The only financial information was provided orally. Petitioner told Mr. Blessing that he had made gross billings in the amount of $ 38,000 for 1989 which, after deductions of approximately $ 2,000 per month in overhead expenses, would leave net income of about $ 12,000 from the law office. Petitioner believed that this amount would not result in any tax due. Petitioner arrived at the figure of *259 $ 38,000 by totaling monthly billing summaries that were prepared at the end of each month in the ordinary course of business in his law office. By relying on the billing summaries, petitioner neglected to include about $ 29,500 which represented his fees from a personal injury lawsuit. As of the time of estimating for purposes of the extension, petitioner had not yet billed that amount which had been deposited in his trust fund at the end of December 1989, but not yet disbursed to his clients. Thus, it did not appear on the billing summaries. Petitioner explained that the delay in disbursement resulted from the fact that one of the clients was a minor, and there was a dispute among the plaintiffs as to the allocation of the proceeds. Although petitioner rarely handles personal injury cases, when he does, his bookkeeping procedure is to not send a billing statement until he is in a position to issue a check for the suit proceeds to the parties. This had not yet occurred at the time of estimating the 1989 tax. Further, at the time of return preparation in August, petitioner's accountant advised him that his attorney's fees were includable in his 1989 income, even though the funds *260 were still in the trust account as of the end of the year. Section 6651(a) imposes an addition to tax for failure to file a tax return or to pay any tax owing by the applicable due date, unless it is shown that such failure is due to reasonable cause and not willful neglect. Petitioners bear the burden of proving that their failure to file a timely return was due to reasonable cause and not willful neglect. Neubecker v. Commissioner, 65 T.C. 577, 586 (1975). Individuals who compute their taxes on a calendar year basis must file an income tax return by the 15th day of April following the close of the taxable year. Sec. 6072(a). Nevertheless, individual taxpayers may obtain an automatic 4-month extension of time to file their return. Sec. 1.6081-4(a)(1), Income Tax Regs. In order to obtain the automatic extension, a taxpayer must file a signed Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return. Sec. 1.6081-4(a)(2), Income Tax Regs. The application must be filed on or before the due date prescribed for filing the taxpayer's return. Sec. 1.6081-4(a)(3), Income Tax Regs.Section 1.6081-4(a)(4), Income *261 Tax Regs., provides that the application: must show the full amount properly estimated as tax for such taxpayer for such taxable year, and such application must be accompanied by the full remittance of the amount properly estimated as tax which is unpaid as of the date prescribed for the filing of the return.
The mere fact that a timely application for extension has been filed does not serve to extend the time for payment of any tax due on such return. Thus, regardless of whether a taxpayer has been granted the extension, all taxes properly estimated as due are still required to be paid on the original due date of the return. See Crocker v. Commissioner, 92 T.C. 899, 905 (1989). Respondent's position is that petitioners failed to make a proper estimate of their tax liability; accordingly, their extension request was invalid, and the extension received was void ab initio. We have held that the Commissioner may properly void an automatic extension of a filing deadline previously obtained where the extension application is invalid because of a failure to estimate proper tax liability. Crocker v. Commissioner, supra at 911. *262 The mere fact, however, that there was an underestimation of income tax liability is insufficient to conclude that the estimate was improper. Id. at 906. A taxpayer is treated as having "properly estimated" his tax liability, within the meaning of section 1.6081-4(a)(4), Income Tax Regs., when the taxpayer makes a bona fide and reasonable estimate of tax liability based on the information available at the time the extension request is made. Crocker v. Commissioner, supra at 908. Petitioners' position is that they made a bona fide and reasonable estimate of tax liability; respondent's position is to the contrary. Petitioners overlooked approximately one-third of their total income for the year when the estimation was made. Petitioners, however, had been using the same system of estimation for several earlier years, and it had not previously failed them. We further note that petitioner seldom handled personal injury matters so that his failure to include the not yet billed or disbursed funds still in his trust account in his estimation was understandable. Accordingly, we hold that petitioner made a bona fide *263 and reasonable estimate of his tax liability based on the information available to him at the time he made his request for an extension. As such, it was reasonable for petitioner to have relied upon the automatic extension inasmuch as he properly estimated his tax in obtaining such extension. Accordingly, we find that petitioners are not subject to the addition to tax for failure to file under section 6651(a). Decision will be entered for petitioners. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩